IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
SEP 21 1999
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

DOCKETED

CHRISTOPHER TODD WILLIAMS, )
)
         Petitioner, )
)
vs. ) No. CIV-98-1714-T
)
GARY GIBSON, Warden, )
)
         Respondent. )

<u>Report and Recommendation</u>

    Petitioner, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. Respondent has filed a motion to dismiss, alleging that the applicable 28 U.S.C. §2244(d) limitation period has expired. Petitioner has replied, placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, the undersigned recommends that Respondent's motion to dismiss be granted.

    Petitioner is challenging his conviction of two counts of first degree murder and one count of possession of a firearm by a convicted felon, after former conviction of a felony. He was sentenced pursuant to the jury's recommendation to two terms of life imprisonment without the possibility of parole on the murder convictions and one hundred thirty-five years imprisonment on the firearms conviction, to be served consecutively. Case No. CF-93-6982, District Court of Oklahoma County. As noted below, Petitioner filed a petition on December 17, 1998, which the undersigned found insufficient. However, rather than file an

22

amended petition as directed by the Court, on July 6, 1999, Petitioner filed a brief in support of his original petition which only set forth facts and legal authority in support of the following two grounds for relief: (1) the improper admission a prior felony conviction for second degree murder deprived Petitioner of due process and a fair trial, and (2) key evidence connecting Petitioner to the crimes has been discredited.[1]

---

[1]The petition filed December 17, 1998, listed eight grounds for relief, without setting forth any facts to support those grounds or show that Petitioner was entitled to habeas relief. On the same date, Petitioner's counsel moved for an extension of time to file a brief in support of the petition based on counsel's involvement in other cases which interfered with the filing of a brief in Petitioner's case. The Court ordered Petitioner to file an amended petition which conformed with the Rules Governing Section 2254 Cases and LCvR9.2 by including facts supporting each claim and granted a 60-day extension to do so and to file a brief including legal authority. Thereafter, the Court granted four additional extensions of time to file an amended petition and brief in support, setting the final due date for an amended petition and brief in support on July 4, 1999. On July 6, 1999, without filing an amended petition as directed by the Court, Petitioner filed a brief in support of the original petition addressing only two claims for relief. Noting that he had raised other issues in the initial petition, counsel for Petitioner declined to provide "additional briefing" on those issues but alleged that Petitioner "preserves these issues and asserts the arguments and authorities presented at the state level in support of these issues." Petitioner's Brief in Support of Petition for Writ of Habeas Corpus at 7. Petitioner is represented by counsel, and therefore the Court is not obligated to apply the rule of liberal construction to Petitioner's federal habeas petition. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Petitioner has failed to follow this Court's orders to file an amended petition to conform with the requirements of Rule 2 of the Rules Governing Section 2254 Cases, which requires Petitioner to set forth "facts supporting each of the grounds" specified. Accordingly, the undersigned finds that Petitioner's claims in this habeas action are limited to the two grounds addressed in his brief in support and listed above and that he has abandoned the other unsupported issues listed in his original petition. See Bradenberg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)(per curiam)(upholding dismissal of "habeas corpus/civil rights complaint for failure of [plaintiff/petitioner] to follow directions under local Rule 26"), cert. denied, 450 U.S. 984 (1981); United States v. Barron, 1997 WL 381936, *2 n.2 (10th Cir. July 9, 1997)(noting that deficiency in Petitioner's §2255 motion filed in the district court, where he was represented by counsel, "cannot be excused by the liberal standards that govern the interpretation of pro se submissions.")(Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.).
    Respondent argues that the petition should not be considered filed until July 6, 1999, the date the brief in support was finally filed by Petitioner. However, it is not necessary to decide this issue, because, as discussed herein, the petition is untimely, even allowing Petitioner the benefit of the December

## Discussion

Pursuant to 28 U.S.C. §2244(d)(1)(A-D), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). As a general rule, the period of limitation under this statute begins to run on the date the judgment became

---

17, 1998, filing date.

"final" as provided by §2244(d)(1)(A).

Petitioner filed a timely direct appeal following his conviction, and on April 16, 1997, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. On October 20, 1997, Petitioner's request for certiorari review was denied by the Supreme Court. Accordingly, his conviction became "final" for purposes of §2244(d)(1) on October 20, 1997, and Petitioner had one year, or until October 20, 1998, to file his habeas petition. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(listing cases); see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)(concluding case is final where "a judgment of conviction has been rendered the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petitioner for certiorari finally denied").

In calculating the running of the limitation period for actions under 28 U.S.C. §2254, federal courts are required to toll time spent seeking post-conviction relief in state court. See 28 U.S.C. §2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, contrary to Petitioner's assertion, the tolling provision in §2244(d)(2) does not save his petition. Pursuant to that section, only the time during which a "properly filed" application for state post-conviction or other state collateral review is pending is tolled. See Rhine, 182 F.3d at 1155. Petitioner filed an application for post-conviction relief in the state district court on August 3, 1998. There is no dispute that the filing of the application tolled the running of the one-year limitation period, with 78 days remaining. The state district

court denied the application on September 9, 1998. Proceeding <u>pro se</u>, Petitioner attempted to appeal the district court's decision, but never perfected his appeal. By order entered October 30, 1998, the OCCA dismissed the appeal, noting that although the district court had transmitted the post-conviction appeal record to the state appellate court, Petitioner failed to file a petition in error or supporting brief, as required by Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals.[2]

Respondent contends that because Petitioner failed to file a petition in error and supporting brief, as required by the Oklahoma Court of Criminal Appeals' procedural rules, specifically, Rule 5.2(C), <u>supra</u>, the OCCA never acquired jurisdiction and his dismissed appeal does not qualify as a "properly filed" collateral attack for tolling purposes, pursuant to 28 U.S.C. §2244(d)(2). Respondent argues that Petitioner's appeal was thus not properly filed, and the appeal has no tolling effect on the limitation period.

In response, Petitioner argues that his appeal was "properly filed" because Petitioner's <u>pro se</u> appeal was timely filed and was filed in the proper place. Petitioner cites <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998), asserting that "the only time that a state collateral action would not be 'properly filed' would be

---

[2]In a regular felony conviction such as the instant case, Rule 5.2(C)(2) provides that a party desiring to perfect appeal from the final order of the district court denying post-conviction relief must file a petition in error and supporting brief, with a certified copy of the order attached, with the Clerk of the OCCA within 30 days from the date the final order of the district court is filed with the district court clerk. It is undisputed that Petitioner failed to comply with these requirements.

when it was untimely," as in the Hoggro case. However, Petitioner also cites Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998)(stating that a properly filed application as used in §2244(d)(2) is "...one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.")(emphasis added). He further asserts that "the fact that said appeal [was] subsequently dismissed for failure to follow one of the court's rules is irrelevant," and therefore "the time spent in post-conviction is still a tollable time period." Petitioner's Response to Motion to Dismiss ("Petitioner's Response") at 3. According to Petitioner, the appeal was dismissed merely because he had not filed a brief, and that "if [Petitioner] had requested, an extension would, in all likelihood, have been granted." Id.

In Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999), the Tenth Circuit defined "pending," in the context of the tolling mechanism in §2244(d)(2), to include "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application")(emphasis added). See also Hughes v. Irvin, 967 F.Supp. 775, 778 (E.D.N.Y. 1997)(phrase "properly filed" as used in §2244(d)(2) "means that in order to trigger the tolling mechanism, a petitioner's collateral review application must be submitted in accordance with any applicable procedural requirements, such as notice to the respondent, correct place of filing, and timeliness of the motion"); Holloway v. Corcoran, 980 F.Supp. 160, 161 n.5. (D.Md. 1997)(citing Hughes'

interpretation of "properly filed" as used in §2244(d)(2)); <u>Barnett v. Hargett</u>, Case No. CIV-97-1072-A (W.D.Okla. Dec. 1, 1997)(Order adopting <u>Hughes</u>' definition of "properly filed").

Here, the OCCA unquestionably refused to consider the merits of Petitioner's appeal and dismissed the appeal based on his failure to comply with the Court's procedural rules; specifically, Petitioner failed to provide the Court with any of the necessary documents to perfect his appeal.[3] The OCCA has clearly held that jurisdiction is lacking where these rules have not been followed. <u>See</u> Okla. Stat. tit. 22, §1087; <u>Hunnicutt v. State</u>, 952 P.2d 988, 989 (Okla. Crim. App. 1997)(failure to perfect a post-conviction appeal "within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine [such] appeals on merits"); <u>Duvall v. State</u>, 869 P.2d 332, 333-34 (Okla. Crim. App. 1994) (holding that court lacked jurisdiction over petitioner's post-conviction appeal in capital case, where petitioner failed to perfect appeal by filing petition in error and certified copy of state district court's order), <u>motion for reconsideration denied</u>, 871 P.2d 1386 (Okla. Crim. App. 1994).

Therefore, because Petitioner did not appeal through "proper use of state court procedures," <u>Barnett</u>, 167 F.3d at 1323, the undersigned finds that his post-conviction appeal was not "properly filed" for tolling purposes. <u>See</u> <u>Walker v. Saffle</u>, Nos. 98-7125,

---

[3]Although Petitioner filed a notice of intent to appeal in the district court, as required by Rule 5.2(C)(1), and the district court transmitted the appeal record, Petitioner did not perfect his appeal by filing "[a] petition in error and supporting brief, with a certified copy of the order attached" with the clerk of the appellate court. <u>See</u> Rule 5.2(C)(2).

7

98-7144, 1999 WL 178702 (10th Cir. April 1, 1999)(finding petitioner's appeal of the state district court's denial of post-conviction relief was no longer "properly filed" under §2244(d)(2), based on his failure to file a certified copy of the state district court's order with his petition in error, citing Duvall, supra), petition for cert. filed (U.S. June 29, 1999)(No. 99-5044).

Thus, Petitioner's statutory one-year limitation period began running again on September 9, 1998, when the district court denied his post-conviction application, allowing Petitioner only until on or about November 25, 1998, to file his federal habeas petition. However, he did not file his habeas petition in this Court until December 17, 1998, after the limitation period, including the tolling during Petitioner's post-conviction proceeding in the state district court, had expired. Accordingly, the undersigned finds that the instant petition is untimely and must be dismissed.

The Tenth Circuit has recognized that the limitation period "may be subject to equitable tolling" where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(citing Calderon v. United States District Court, 163 F.3d 530, 541 (9th cir. 1998)(en banc), cert. denied, 119 S.Ct. 1377 (1999)), cert. denied, 119 S.Ct. 210 (1998). As the Tenth Circuit stated in Miller, supra, "[t]he one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires inmates to diligently pursue claims." Miller, 141 F.3d at 987 (citations

omitted). In responding to the motion to dismiss, Petitioner, who is represented by counsel, does not assert any grounds which might support equitably tolling the limitation period. Instead, Petitioner merely reasserts his contention that his petition is timely under the tolling provisions of §2244(d)(2), arguing that his appeal from the denial of post-conviction relief was "properly filed." Petitioner's Response at 8. As previously discussed, this argument fails.

Moreover, Petitioner fails to show that he diligently pursued his federal claims. See Miller, 141 F.3d at 9781. Petitioner admits and the record shows that "he raised all the issues presented here on direct appeal." Although it was unnecessary for him to seek state collateral relief on the same issues, he admits that his application for state post-conviction relief simply "re-raised the issues." Petitioner's Response to the Motion to Dismiss at 7. Thus, he does not and cannot claim that his habeas petition was timely because he was diligently exhausting his claims in the state courts. See Reed v. Gibson, No.99-5073, 1999 WL 525907 (10th Cir. July 13, 1999)("equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims"); Thompson v. Simmons, No. 98-3270, 1999 WL 339697 (10th Cir. May 28, 1999)(recognizing that actual innocence may be grounds for equitable tolling but emphasizing that "prisoners must diligently pursue their claims to avail themselves of equitable tolling"); Jackson v. Champion, 1999 WL 63988 (10th Cir. Feb. 11, 1999)(refusing to apply equitable tolling where petitioner had not

been diligent in pursuing his claims).[4]  In sum, Petitioner has alleged no facts to establish that he has diligently pursued his federal claims, and he has alleged no other extraordinary circumstances which might warrant equitable tolling.

For the reasons set forth above, the undersigned finds that Petitioner has filed his petition beyond the applicable one-year limitation period, and that there are no statutory or equitable bases for tolling the limitation period.  Accordingly, it is recommended the petition be dismissed as untimely under 28 U.S.C. §2244(d)(1).

### Recommendation

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the motion to dismiss [Doc. No. 19] be granted and the petition for a writ of habeas corpus be dismissed as untimely.  Petitioner is advised of his right to object to this Report and Recommendation by the _6th_ day of _October_, 1999, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1, by filing his objections with the Clerk of this Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[4] These unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

ENTERED this _21_ day of September, 1999.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE