IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

FILED

AUG 0 8 2002

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

CHRISTOPHER TODD WILLIAMS, )
)
Plaintiff, )
)
v. ) Case No. CIV-98-1714-T
)
MIKE MULLIN[1], )
)
Defendant. )

**DOCKETED**

## ORDER

Petitioner, who is represented by counsel, appears before the Court seeking a writ of habeas corpus pursuant 28 U.S.C. §2254. He is challenging his conviction in the District Court of Oklahoma County, Case No. CRF-93-6982. Petitioner filed a brief in support of his Petition for Writ of Habeas Corpus. Respondent filed his response and submitted portions of the state court record. Although Petitioner was given the opportunity to file a reply brief (Doc. No. 37), he did not do so.

Pursuant to the Court's Order of Referral, United States Magistrate Judge Bana Roberts issued a *Supplemental Report and Recommendation* ("R&R") on February 27, 2002. (Doc. No. 45.) In the R&R, Judge Roberts reviewed the two grounds for relief raised by Petitioner. Based on that review, Judge Roberts recommended Petitioner's request for habeas relief and his request for an evidentiary hearing be denied. On April 11, 2002, Petitioner filed *Petitioner's Objection to Report and Recommendation* ("Objection").

---

[1] The original style of this case named Gary Gibson as the Respondent. However, effective March 25, 2002, Mike Mullin became Warden of the Oklahoma State Penitentiary. Accordingly, pursuant to Fed.R.Civ.P. 25(d)(1), Mike Mullin has been substituted as Respondent in this case.

## I.     Factual and Procedural Background

Petitioner and Marcus Cargle were charged with two counts of first degree murder arising from the September 24, 1993, deaths of Richard and Sharon Paisley.[2] Petitioner, a convicted felon, was also charged with possessing a firearm. While Petitioner and Mr. Cargle were separately tried for the murders, each was convicted of two counts of first degree murder. Since the prosecutor sought to have Petitioner sentenced to death, a separate sentencing hearing was held. The jury recommended Petitioner be sentenced to two terms of life imprisonment without the possibility of parole for the murder convictions and to one hundred and thirty-five years imprisonment on the firearm charge. The trial judge sentenced Petitioner according to the jury's recommendation and additionally ordered that the sentences be served consecutively.

Following his sentencing, Petitioner filed his direct appeal raising ten (10) issues. In an unpublished opinion, the Court of Criminal Appeals affirmed Petitioner's convictions and sentences. Williams v. State, Case No. F-95-763, In the Oklahoma Court of Criminal Appeals ("Williams I").[3] Petitioner's petition for a writ of certiorari was denied. Williams v. State, 522 U.S. 934 (1997). Petitioner filed an application for post-conviction relief in the District Court of Oklahoma County and all relief was denied. After Petitioner filed a notice of appeal from the denial of relief on his post-conviction application, the Court of Criminal Appeals dismissed his appeal as Petitioner did not timely file certain documents required by the Court of Criminal Appeals' rules.

---

[2] The facts underlying the murders and convictions are published in Petitioner's co-defendant's case and were adopted by the Court of Criminal Appeals in Petitioner's direct appeal. See Cargle v. State, 909 P.2d 806 (Okla. Crim. 1995).

[3] A copy of the Court of Criminal Appeals' unpublished opinion is attached to Petitioner's Petition. (Doc. No. 1.)

After Petitioner appealed this Court's December 7, 1999, Order which found his case time-barred, the Tenth Circuit Court of Appeals reversed that decision and found Petitioner's case was timely filed. Williams v. Gibson, 237 F.3d 1267 (10th Cir. 2001). Therefore, Petitioner has raised two issues herein which the Court must address: (1) whether the admission of evidence of Petitioner's prior conviction for second degree murder[4] rendered his trial fundamentally unfair and (2) whether he is entitled to a new trial as a result of a witness's post-trial recantation of his trial testimony. Petitioner has also requested an evidentiary hearing on the second issue.

## II. Standard of Review

In this case, Petitioner filed his Petition on December 17, 1998 – more than two years after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, according to the Supreme Court, the AEDPA applies to and governs Petitioner's case. Michael Williams v. Taylor, 529 U.S.420, 429 (2000).[5] Accord Moore v. Gibson, 195 F.3d 1152, 1163 (10th Cir. 1999), cert. denied 120 S.Ct. 2206 (2000).

Under the AEDPA, in order to obtain federal habeas relief once a state court has adjudicated a particular claim on the merits, Petitioner must demonstrate that the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] In the original record, Petitioner's second degree murder conviction is described as occurring in 1984, 1985 and 1986. It appears to the Court, however, that the homicide occurred in 1985 and Petitioner pled guilty to the second degree murder charge in 1986. For clarity of reference the Court will refer to this conviction as the second degree murder conviction or the 1986 conviction.

[5] The Court acknowledges that Petitioner did not have the benefit of the Williams decision at the time his brief was filed.

3

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. §2254(d)(1-2). The Supreme Court defined "contrary to" as a state-court decision that is "substantially different from the relevant precedent of this Court." Terry Williams v. Taylor, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring and delivering the opinion of the Court). A decision can be "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [Supreme Court] precedent." Id. at 406. The "unreasonable application" prong comes into play when "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

### III. Judge Roberts' Report and Recommendation

In a thorough and well-reasoned Report and Recommendation, Judge Roberts addressed the merits of each of Petitioner's grounds for relief as well as his request for an evidentiary hearing. Addressing the second ground for relief first, Judge Roberts recommended the Court find Petitioner not entitled to habeas relief. Judge Roberts determined that, to the extent Petitioner was requesting relief on an issue of state law, Petitioner's request that the Court review the merits of the Court of Criminal Appeals decision on Petitioner's request for a new trial be denied. Judge Roberts also recommended the Court deny habeas relief on the sufficiency of the evidence claim,[6] stating

---

[6] As noted below, the Court does not find that Petitioner raised a sufficiency of the evidence claim herein. *Supra*, pp. 10-12.

Petitioner had not met his burden under §2254(d). Judge Roberts also recommended Petitioner's request for an evidentiary hearing on his second ground for relief be denied.

In addressing Petitioner's first ground for relief, Judge Roberts recommended the Court deny Petitioner's request for relief as Petitioner had failed to demonstrate that the admission of evidence of his second degree murder conviction rendered his trial fundamentally unfair.

### IV.    Petitioner's Objection to the Report and Recommendation

Petitioner's objection is very abbreviated and he "incorporates and reurges his previous arguments and authorities" rather than including substantial new argument tailored to the R&R. However, Petitioner included a few, specific objections.

As to his first ground for relief, Petitioner first complains that Judge Roberts addressed it "in the second part of her opinion [sic] although Mr. Williams had presented it first." He then argues that the evidence cited by the Court of Criminal Appeals could not support a finding of harmless error arising from the admission of his former conviction. Petitioner also argues Judge Roberts erred by failing to determine his trial was fundamentally unfair.

As to his second ground for relief, Petitioner reasserts that the evidence introduced against him at trial was "not overwhelming." Accordingly, Petitioner concludes that he is entitled to an evidentiary hearing and habeas relief.

### V.    Analysis of Petitioner's Grounds for Relief

    A.    Erroneous Admission of Evidence of Prior Conviction.

Since this claim must be reviewed under the standard set forth in the AEDPA, the Court's review must be in light of the disposition by the Court of Criminal Appeals. When reviewing this claim on direct appeal, that court first discussed the rule prohibiting the admission of evidence of

other crimes and the exceptions thereto. Williams I at 1-2. Thereafter, the Court of Criminal Appeals determined as a matter of state law that the evidence of Petitioner's second degree murder conviction was erroneously admitted into evidence. Id. at 3. The majority of the court concluded:

> However, due to the strong evidence of Appellant's guilt and the trial court's verbal and written instructions to the jury regarding the limited use of evidence of other crimes, admission of this evidence could not have contributed to the finding of guilt. **See Blades v. State**, 619 P.2d 875, 879 (Okla.Cr. 1979).[7]

Id. at 3-4 (footnote not in original). In dissent, Judge Lane stated: "I cannot say beyond a reasonable doubt that his evidence did not wrongfully induce the jury to find the appellant guilty. Id. at 20 (Lane, J., dissenting).

In a recent case, the Tenth Circuit Court of Appeals described the standard to be applied to the claim raised by Petitioner herein:

> A habeas petitioner is only entitled to relief, however, for alleged violations of federal rights, not for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Generally speaking, a state court's misapplication of its own evidentiary rules-which seems to be at the heart of Mr. Bullock's unreliability claim-is insufficient to grant habeas relief. Id. at 72 ("Nor do our habeas powers allow us to reverse [a petitioner's] conviction based on a belief that the trial judge incorrectly interpreted the California Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case."). Under Tenth Circuit precedent, Mr. Bullock may only obtain habeas relief for an improper state evidentiary ruling "if the alleged error was 'so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir.2002) (quoting Fox, 200 F.3d at 1296) (bracket in original); see also Chambers v. Mississippi, 410 U.S. 284, 289-90, 302 (1973) (holding that Mississippi's application of its rules of evidence denied a petitioner a fair trial). While it is undisputed that "[t]he right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment," Estelle v. Williams, 425 U.S. 501,

---

[7] In Blades, the Court of Criminal Appeals found evidence of the defendant's "prior drug sales" to be "independent from the crime charged . . . and their admissibility was error. However, due to the overwhelming evidence of guilt," the Court of Criminal Appeals found "admission of this evidence could not have contributed to the finding of guilt, but is grounds for modification of the judgment and sentence." Blades, 619 P.2d at 879.

6

503 (1976), the Supreme Court has defined "the category of infractions that violate fundamental fairness very narrowly. Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Estelle, 502 U.S. at 73 (internal quotations and citations omitted).

Bullock v. Carver, __ F.3d __, 2002 WL 1614087 at *15 (10th Cir. 2002).

Following the filing of Petitioner's objection, the Court reviewed the entire trial transcript. The trial transcript reveals that after the trial judge ruled that evidence of Petitioner's second degree murder conviction was admissible (TTR Vol. I, p. 171[8]), Petitioner's trial counsel informed the jury of the existence of Petitioner's prior conviction and elicited the agreement of nearly every member of the venire that they would not convict Petitioner of the murders of Mr. and Mrs. Paisley based on the earlier crime. (TTR Vol. I, pp. 215-20; Vol. II, pp. 20-22, 107, 160, 296, 301-03; Vol. III, pp. 12-14.)[9] Only one of the forty-eight people questioned during voir dire stated she would not be able to follow the trial judge's instructions regarding Petitioner's former conviction. (TTR Vol. III, pp. 87-91.) That person was excused for cause. (TTR Vol. III, p. 91.)

In the prosecutor's opening statement, Petitioner's 1986 conviction was briefly mentioned:

> Detective Bill Cook will testify about the precise details of the murder that this defendant pled guilty to in 1986 and point out the similarities to the murders of Richard and Sharon Paisley. The evidence is offered to show a common scheme and plan in each of the two murders giving rise to a presumption they were committed by the same person.

---

[8] Although the trial court had heard argument on this issue in a pre-trial hearing, the ruling regarding the admissibility of Petitioner's 1986 conviction was not made until after the trial court and prosecutor had conducted their initial examination of the venire. (TTR Vol. I, pp. 163.)

[9] Although the prosecutors also discussed the 1986 conviction during voir dire, their comments were generally limited to securing the juror's agreement that they would use evidence of the 1986 conviction in the manner permitted by the trial judge's instructions. (TTR Vol. I, p. 231; Vol. II, pp. 61, 142, 217.) The only other comment by the prosecutor on the 1986 conviction during voir dire was limited to the existence of the prior conviction. (TTR Vol. I, p. 247.)

(TTR Vol. III, p. 170.) Petitioner's trial counsel did not mention the 1986 conviction in his opening statement.

On the fourth day of testimony, the prosecutor called Detective Cook of the Oklahoma City Police Department to testify. Prior to allowing substantive testimony, the trial court admonished the jury:

> Members of the jury, in advance of your hearing this testimony, I need to give you an instruction about its limited purpose.
>
> * * * *
>
> You will be instructed, and you are now, that a defendant, this defendant, cannot be convicted for any crime other than the ones for which he's on trial here, those being two counts of Murder in the First Degree and one count of Possession of a Firearm, after former conviction of a felony.
>
> The law permits proof of certain other offenses in certain limited situations. One of those exceptions to that general rule is proof of an offense other than the ones for which he's on trial now, for the purpose of showing - - the State showing, if they can, what the law refers to as a common scheme and design. The limited purpose for which this testimony is admitted of another crime, at another time, is to show, if the State can show that, the commission of two separate offenses characterized by some peculiar, highly peculiar method of operation, such as to demonstrate, again, a common scheme and design.
>
> Again, you're reminded that the defendant cannot be convicted in this trial for any other crime, but I am permitting this to be given to you, this testimony of another crime at some other time for the purpose of an attempt by the State to show a common scheme and design between the two offenses. I'll further instruct you on that at the end of the testimony.

(TTR Vol. VI, pp. 98-99.) Following the trial judge's instruction, Detective Cook testified regarding the details of the murder of James Agnew which occurred in 1985. (TTR Vol. VI, pp. 100-07.) On cross-examination, Detective Cook acknowledged the murder of Mr. Agnew was "not really a highly peculiar method of operation." (TTR Vol. VI, pp. 109.)

Nothing further was mentioned until closing arguments when the prosecutor referred to the fact of the 1985 murder and the 1986 conviction.[10] (TTR Vol. VIII, pp. 21, 36, 54, 104.) The prosecutors also recounted some of the details of the 1985 murder and the Paisley murders in an attempt to convince the jury that there was a common scheme or design between the two crimes. (TTR Vol. VIII, pp. 41-43, 107.)

Having reviewed the evidence presented at trial in light of the erroneously admitted evidence of Petitioner's 1986 conviction for second degree murder, the Court cannot conclude that Petitioner's trial was rendered fundamentally unfair. Thus, while the Court of Criminal Appeals determined that the evidence was, under state law, erroneously admitted, Petitioner has failed to demonstrate an error of constitutional magnitude warranting habeas relief.

Moreover, the Court has determined that Petitioner has failed to demonstrate the erroneous admission of evidence of his 1986 conviction was not harmless.[11] Under Brecht v. Abrahamson, 507 U.S. 619, 637 (1993), in order to be entitled to habeas relief, Petitioner must prove the erroneous admission of evidence of his 1986 conviction

> "had substantial and injurious effect or influence in determining the jury's verdict." [Kotteakos v. United States,]328 U.S. 750,] 776, 66 S.Ct. [1239,] 1253 [(1946)]. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error

---

[10] As there is no argument to the contrary, the Court will presume that the trial judge instructed the jury on the use of the evidence of the 1986 conviction in a manner similar to the admonition quoted above. However, the Court cannot confirm that such an instruction was given as the reading of the instructions was not transcribed into the record (TTR Vol. VIII, p. 12), and neither party included the instruction in their submissions.

[11] While the Court has determined the proper standard for reviewing the error raised by Petitioner is the fundamental fairness standard, the Court will also apply the harmless error standard urged by Respondent.

9

unless they can establish that it resulted in "actual prejudice." See United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 732, 88 L.Ed.2d 814 (1986).

Petitioner offers no evidence demonstrating he suffered actual prejudice as a result of the erroneously admitted evidence. Rather, Petitioner argues he satisfied his burden by attacking the sufficiency of the remaining evidence. However, that type of inquiry was deemed not to satisfy the harmless error standard. Kotteakos, 328 U.S. at 765 ("The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error."). Accordingly, as the Court finds Petitioner failed to demonstrate "actual prejudice" arising from the admission of his 1986 conviction for second degree murder, his request for habeas relief on his first ground must be denied.

    B.    Recanted Testimony.[12]

Petitioner's Petition and Brief in Support do not identify the constitutional basis for his second ground for relief which he entitles: "Mr. Williams is entitled to habeas corpus relief because key evidence now has been discredited due to the recantation of Mark Gaddis." Petitioner does not identify any Supreme Court precedent supporting his claim of constitutional error. Rather, in support of his claim, he cites two federal cases, Gonzales v. Lytle, 167 F.3d 1318 (10th Cir. 1999) and United States v. Bailey, 444 U.S. 394, 414-15 (1980).[13]

---

[12] While Judge Roberts reviewed Petitioner's second ground for relief in the manner in which he framed the issue on direct appeal (R&R at 13 ("On direct appeal Petitioner maintained . . .")), the Court will review the claim as it was framed in the documents filed herein (i.e., Petitioner's Petition, Brief in Support and Objection).

[13] Petitioner cites other federal cases in support of his request for an evidentiary hearing. See, e.g., Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998) (cited for standard for evaluating a request for an evidentiary hearing); Salazar v. Johnson, 96 F.3d 789 (5th Cir. 1996) (cited for proposition that a "paper hearing" is insufficient to support denial of habeas relief); United States v. Leopard, 170 F.3d 1013 (10th Cir. 1999) (cited as example of case remanded for an evidentiary hearing in an action under 28 U.S.C.A. § 2255); Stouffer v. Reynolds, 168 F.3d 1155 (10th Cir. 1999) (cited as example of case remanded for an evidentiary hearing on claim of ineffective

In Gonzales, the Tenth Circuit Court reviewed the petitioner's claim that he was denied his Fourteenth Amendment right to Due Process when the trial court refused to admit evidence of one eye-witness's pre-trial recantation of her preliminary hearing testimony. Gonzales, 167 F.3d at 1321. The second case, Bailey, does not involve the recantation of a witness's testimony.[14]

Petitioner's case is distinguishable from Gonzales. In Gonzales the trial court refused to admit readily available information of a witness's pre-trial recantation. In Petitioner's case, Mr. Gaddis' recantation occurred more than one month after the conclusion of Petitioner's trial. Thus, the trial court could not and did not err in denying admission of evidence of the recantation as none was available at the time of trial. Accordingly, Gonzales does not support Petitioner's request for habeas relief.

As Petitioner has failed to identify any Supreme Court (or Tenth Circuit) precedent supporting his request for relief, Petitioner has, by definition, failed to demonstrate the Court of Criminal Appeals' determination was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C.A. § 2254(d)(1).

---

assistance of counsel); United States v. Klat, 156 F.3d 1258 (D.C.Cir. 1998) ((direct appeal) cited as example of case remanded for an evidentiary hearing on competency issue); United States v. Siddiqui, 959 F.2d 1167 (2nd Cir. 1992) ((direct appeal) cited as example of case remanded for hearing on evidence was "newly discovered evidence"); and United States v. Hall, 85 F.3d 367 (8th Cir. 1996) ((direct appeal) cited as example of case remanded for hearing on issue of jury taint). These cases, although relevant to Petitioner's request for an evidentiary hearing, do not relate to the substantive question raised in his second ground for relief.

[14] The issues in Bailey were: "the state of mind necessary for violation of [18 U.S.C.] § 751(a) and the elements that constitute defenses such as duress and necessity." Bailey, 444 U.S. at 394. Petitioner cited Bailey only for the quote: "It is for them [the jury], generally, and not for appellate courts, to say that a particular witness spoke the truth or fabricated a cock-and-bull story." Id. at 414-15.

Moreover, the Tenth Circuit Court of Appeals has held:

> "a writ of habeas corpus should not be granted upon the grounds that false and perjured testimony was used unless it is shown that it was knowingly used against the defendant by the prosecuting officers in the criminal case." Wild v. Oklahoma, 187 F.2d 409, 410 (10th Cir.1951); see also McBride v. United States, 446 F.2d 229, 232 (10th Cir.1971) (applying same requirement in denying motion for relief under 28 U.S.C. § 2255).

Smith v. Roberts, 115 F.3d 818, 820 n.2 (10th Cir. 1997). See also Romano v. Gibson, 239 F.3d 1156, 1175 (10th Cir. 2001) (denying habeas relief where petitioner failed to "assert any evidence indicating prosecutors knew [jail house informant's] testimony was false."). In this case, the evidence presented to the state court, including the 45 page transcribed interview of Mr. Gaddis by Petitioner's trial counsel demonstrates the prosecutor did not use Mr. Gaddis' testimony knowing it to be false.[15] Accordingly, under Smith, Petitioner is not entitled to habeas relief on his second ground.

C.  Request for an Evidentiary Hearing.

Petitioner requested an evidentiary hearing on his second ground for relief. In doing so, Petitioner cited numerous cases in which an evidentiary hearing was held or required on remand. Petitioner does not, however, identify what evidence would be presented at the evidentiary hearing that is not already contained in the state court record. Boyd v. Ward, 179 F.3d 904, 925 (10th Cir. 1999) ("Mr. Boyd's request for further fact finding is general. He fails to indicate what specific facts he would prove through a hearing."). Thus, under Boyd, Petitioner's request for an evidentiary hearing should be denied.

---

[15] Mr. Gaddis repeatedly stated that the Oklahoma County District Attorney told him: "I don't need you to come to testify against [Petitioner] if you ain't going to tell the truth." Gaddis' Interview at 18, 23, 44.

12

Moreover, Petitioner is not entitled to an evidentiary hearing as the Court has reviewed the merits of his second ground for relief and determined that even if Mr. Gaddis' recantation is true and his trial testimony was false, Petitioner would not be entitled to habeas relief as he has not shown the prosecutor knowingly solicited false testimony from Mr. Gaddis at trial. Smith, 115 F.3d at 820 n.2. Accordingly, the Court finds Petitioner's request for an evidentiary hearing on his second ground for relief should be denied.

### VI.    Conclusion

After careful review of Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody*, Respondent's response to the petition, Judge Roberts' Supplemental Report and Recommendation, Petitioner's Objection to Judge Roberts' Supplemental Report and Recommendation, and the state court record, the Court finds Petitioner is not entitled to habeas relief or an evidentiary hearing. Therefore, Petitioner's request for habeas relief and his request for an evidentiary hearing are DENIED. Judgment will enter accordingly.

IT IS SO ORDERED this 8 day of August, 2002.

RALPH G. THOMPSON  
UNITED STATES DISTRICT JUDGE